IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| T'VAN B. BRYANT, | § | |
| TDCJ-CID # 1171302, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-23 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

T'van B. Bryant ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1. Respondent has filed a Motion to Dismiss as Time-Barred. Dkt. No. 13. Petitioner filed a Response. Dkt. No. 14. Having considered the motion, record, and relevant law, the Court finds that Petitioner's habeas petition should be DISMISSED as time-barred.

**Background**

Petitioner was found guilty of delivery of a controlled substance in a drug-free zone and sentenced to twenty years in prison on May 15, 2003. Clerk's Record at 33. Petitioner appealed, and the Texas Court of Appeals affirmed his conviction on August 27, 2004. *Bryant v. State*, No. 13-03-345-CR, 2004 WL 5050904 (Tex. App. Aug. 27, 2004). Petitioner then filed a petition for discretionary review in the Texas Court of Criminal Appeals, which that court refused on December 1, 2004. *See* Case No. PD-1520-04 at http://www.cca.courts.state.tx.us/.

Petitioner filed an application for a writ of habeas corpus with the Court of Criminal Appeals on November 10, 2005. Dkt. No. 12, App. for Writ of Habeas No. WR-44,988-03. This application

was denied on May 24, 2006.  *See* Case No. 44,988-03 at http://www.cca.courts.state.tx.us/. Petitioner then filed the instant petition on February 7, 2007.  Dkt. No. 1 at 9.

## Claims

Petitioner alleges two major grounds for his petition.  First, Petitioner argues that his indictment was invalid because the face of the indictment did not give him notice of the charge against him.

Second, Petitioner argues that his trial counsel was ineffective for four reasons.  First, counsel failed to challenge the indictment.  Second, counsel failed to investigate whether the area in which the delivery allegedly took place was actually a drug-free zone.  Third, counsel failed to object to the testimony of a confidential informant.  Fourth, and finally, counsel failed to object to the jury charge.

## Statute of Limitations

The limitations period on applications for habeas corpus relief filed in federal court is as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

## Analysis

The Court must first determine the date on which the judgment against Petitioner became final. The Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review on December 1, 2004. Petitioner had ninety days from that date to file a petition for a writ of certiorari in the United States Supreme Court. Supreme Court Rule 13.1. Petitioner did not so file, so his judgment became final on March 1, 2005.

Petitioner, then, had a year from this date in which to file a federal petition for a writ of habeas corpus, i.e. until March 1, 2006. Petitioner filed an application for a state writ on November 10, 2005, within the one-year period. Thus, per 28 U.S.C. § 2244(d)(2), the federal limitations period was tolled for the duration of the proceedings of this state habeas application. The period began running again on May 24, 2006, when the Court of Criminal Appeals denied Petitioner's application. Petitioner filed his state habeas application on the 254th day after his judgment became final. Thus, from May 24, 2006, Petitioner had another 112 days remaining in his one-year federal limitations period. However, Petitioner did not file the instant petition until 259 days after the Court of Criminal Appeals rejected his state habeas application. Thus, Petitioner waited too long.

Petitioner makes no allegations that would bring Section 2244(d)(1)(B), (C), or (D) into play. Petitioner does not argue that the State has unconstitutionally impeded him from filing his petition; that he is seeking vindication of a newly recognized constitutional right; or that he could not have discovered the factual predicate of his claims until recently.

Thus, Petitioner's petition for a writ of habeas corpus is time-barred, and must be dismissed.

## Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir.1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Petitioner's petition must be DISMISSED. The Court DENIES Petitioner a Certificate of Appealability.

It is so ORDERED.

SIGNED this 15th day of October, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE